## GOODRICH *versus* BUZZELL & *als.*

A note given for interest above the rate of six per cent. per annum for the forbearance of payment of a sum of money, is without legal consideration.

An indorsee of such a note cannot claim the character of an *innocent* purchaser, whose agent was cognizant of all the circumstances under which the note originated.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

ASSUMPSIT, on a note payable to Luke Buzzell or order, and by him indorsed.

The defence relied upon was usury.

John Buzzell, one of defendants, was called, and testified that the note was wholly usurious. To rebut this, plaintiff tendered his own oath, and testified that he was not present at the time of the transaction, nor when the note was given.

The evidence of the party defendant was objected to, as the suit was by an indorsee, and was ruled out.

Other evidence was produced by defendants, and the cause was submitted to the full Court upon so much as was admissible, to render a judgment by default or nonsuit.

The Court found, that the consideration of the note in suit was entirely for *extra* interest, of which plaintiff had full knowledge by his agent.

*Anderson & Harmon*, for defendants.
*Willis & Son*, for plaintiff.

RICE, J. — The material question is, what was the consideration for the note in suit? Was it a bonus for the exchange of securities, or was it for interest reserved beyond the rate of six per cent.?

Mr. Sweat, who has no legal interest in the event of this suit, testified, that Mr. Willis had commenced a suit against F. O. J. Smith, on a note for $2120, in favor of the plaintiff. Doct. Buzzell, one of the defendants in this case, was anxious to have the suit against Smith settled, in order to get up a note which Smith held against Buzzell and others as collateral for the said note of $2120. The amount due on the Smith note, with interest and cost, was $2231,26.

This amount was paid by Doct. Buzzell and Doct. G. W. Smith to Mr. Willis, in this manner, to wit: $1200, furnished by Hanson, $31,26, furnished by Luke Buzzell, and our (witness and Dr. Sweat,) note for $1000. Mr. Willis said he was not willing to take the $1000 note, unless Goodrich could have a bonus of sixty dollars; for he said Goodrich told him his money was worth twelve per cent. and the note on time must be as good as money. Mr. Willis therefore demanded of Dr. Buzzell a note for sixty dollars to pay this bonus or extra interest of six per cent. on the $1000. Accordingly this note now in suit was given.

The testimony of this witness is direct, distinct and to the point. He was called by one of the defendants to aid in adjusting the transaction out of which this note originated.

Mr. Willis, called also by the defendants, testified among other things, " that Smith desired to have the suit against him settled. After a long negotiation, Goodrich authorized us to settle, if they would turn out Dr. Sweat's note for $1000, to run one year, and pay the balance in money, provided they would pay sixty dollars for giving up security which we held, and give new security as a bonus for changing securities. Did not know the Sweats or Smith in the

transaction.   They turned out this note for $1000, of persons who were not on the other note, paid cash $1231,26, and this note now in suit was given for a bonus in making the exchange of security.   Goodrich said his money was worth 12 per cent. and he could make that if he had his money."

There is no suggestion, that the note of the Sweats was not perfectly good, or was in any respect inferior in point of security to the note of Smith which was given up.

Whatever may have been the form of the language used by the plaintiff in his instructions to Mr. Willis, we think that the inference from all the facts in the case is irresistible, that the note in suit was given for interest above six per cent. for the forbearance of payment of the sum of $1000, for one year.   In other words, the plaintiff deemed the use of his money worth 12 per cent. per annum, and stipulated for that rate.   Six per cent. was reserved in the $1000 note, and the six per cent. extra, was the consideration of the note in suit.

Such being the real transaction, as we are satisfied from the evidence it must have been understood by the parties, there was no legal consideration for this note.

The evidence shows, that the agent of the plaintiff was fully informed of all the circumstances under which the note in suit originated.   The plaintiff is not, therefore, entitled to the protection which the law affords an innocent indorsee, without notice.   He is in fact, though not in form, the original holder of the note in suit, and well knew what was its consideration.

The question whether the testimony of the defendant, John Buzzell, was properly or improperly stricken out, does not become material, as the result must be the same in either event.

According to the agreement of parties a nonsuit must be entered.